Statement of the case.

TOWN OF FLORA v. AMERICAN EXPRESS COMPANY.

[45 South., 149.]

1. INTOXICANTS.  *Civil penalty.  Unlawful sales.  Code* 1892, § 1590.
*Construction.*

Under Code 1892, § 1590, imposing a five hundred dollar civil pen-
alty on any person unlawfully selling intoxicants and authoriz-
ing the state, county and municipality each to sue for and re-
cover the same, a municipality can recover only one penalty for
sales made before the beginning of the suit.

2. CONSTITUTIONAL LAW.  *Questions not to be decided.*

The supreme court will not decide the constitutionality of a statute
unless it be essential to the decision of the case in which it is
presented.

3. PEREMPTORY INSTRUCTION.  *When proper.*

Where there is no evidence warranting a verdict for plaintiff on
an issue joined, and the trial court would be compelled to set it
aside as unwarranted if rendered, a peremptory instruction for
the defendant should be given.

FROM the circuit court of Madison county.

HON. DAVID M. MILLER, Judge.

The town of Flora, in Madison county, the appellant, was
the plaintiff in the court below, and the American Express Com-
pany, appellee, defendant there.   From a judgment in defend-
ant's favor, plaintiff appealed to the supreme court.

Plaintiff's declaration was based on Code 1892, § 1590, and
was for the recovery of the penalty of $500, provided by the
statute, for the unlawful sale of intoxicating liquors within the
limits of the municipality.   The statute is quoted in full in the
the opinion of the court.   Before trial the declaration was
amended so as to charge six distinct alleged sales of intoxicating
liquors within the town limits, and demand $500 for each alleged
offense, a total of $3,000.   The defendant moved for an order

of court limiting the possible recovery to one penalty of $500, and the court at first overruled the motion, but subsequently held that plaintiff would be entitled under the pleadings to recover, if at all, only one penalty of $500. After the plaintiff had introduced its evidence, the court, on motion of the defendant, excluded the same and directed a verdict for defendant. The opinion of the court further states the facts.

*J. B. Chrisman,* for appellant.

The court below erred in holding that only one penalty could be recovered for each violation of the law charged and proved up to the date of filing of the declaration. Code 1892, § 1590.

*W. H. Powell, Huber & Powell,* for appellee.

The assignment of error chiefly relied upon by appellant to secure reversal of judgment is that the trial court limited possible recovery to one penalty. The appellee was sued for a *penalty,* not for a *debt. Clark* v. *Adams,* 80 Miss., 228; *McBride* v. *State,* 70 Miss., 716. The penalty is not cumulative, as will be seen by the language of the statute. Code 1892, § 1590, does not allow a penalty after each sale unless a separate suit is at once brought after each sale, and before another has been made. There may be a thousand separate sales, and if suit is not brought until after they are made, only one penalty of $500 is recoverable for all of them made before the filing of the declaration.

The word, "each," in the code section refers to the city and county and state, and not to the sale or sales.

"Where the offense is continuous and the penalty is fixed at so much for each day, week or other period of time, or where a prohibited act embraces several particulars, with a penalty for each, only one count for the aggregate sum is necessary." 16 Encyc. Pl. & Pr., 282; 18 Am. & Eng. Encyc. Law (1st ed.), 278; *Parks* v. *Nashville, etc. R. R. Co.,* 13 Lea (Tenn.), 1.

The interpretation of statutes imposing a penalty for doing prohibited acts is governed by the rules applicable to the inter-

pretation of statutes generally, and also by the further rule that they shall be strictly construed when their penal provisions are invoked against one charged with their violation.    18 Am. & Eng. Encyc. Law (1st ed.), 270; *State* v. *Railroad Co.,* 18 L. R. A., 507; *Railroad Co.* v. *Spencer,* 72 Miss., 491, 17 South., 168; *Railroad Co.* v. *Ligon,* 74 Miss., 179, 20 South., 988; *Railway Co.* v. *Murrell,* 78 Miss., 448, 28 South., 824.

No suit has heretofore been brought, under such statutes, save for one penalty.    *Clark* v. *Adams, Rev. Agt.,* 80 Miss., 219; *State* v. *Johnson,* 72 Miss., 896, 17 South., 82.

The action of the lower court in directing a verdict and judgment in appellee's favor because of lack of evidence, was correct.

[Counsel discussed the constitutionality of the statute, but the court did not pass thereon, and therefore a synopsis of that part of the briefs is not given.]

WHITFIELD, C. J., delivered the opinion of the court.

This action was brought by the town of Flora against the appellee express company to recover the penalty provided by Annotated Code 1892, § 1590, which reads as follows: *"Persons selling or giving liquors away to pay tax.*—Any person who may sell or give away liquors unlawfully, or allow the same to be sold or given away at his place of business, for any purpose whatsoever, shall be subject to pay the state, county and the city, town or village where the offense is committed, each, the sum of five hundred dollars; and it shall be the duty of the sheriff and state revenue agent, or either, to assess and collect such sums whenever he is informed that such sales or gifts have been made; and such persons shall be liable to a criminal prosecution, as in other cases; and, in addition, the state, county, city, town or village may sue for and recover civilly, either jointly or separately, each, the sum of five hundred dollars; and such civil suits may be commenced by attachment without bond."

The declaration as originally filed claimed $500, but as amended claimed $3,000. It is not the intent of this statute to permit the recovery of more than one penalty up to the time of the commencement of the suit. It does not say that a penalty of $500 shall be recovered for each offense. There is no such language in the statute. The thing which it denounces is the selling of intoxicants unlawfully. That is the substantive thing. There may be many acts of violation, many sales; but it is not said that $500 penalty shall be recovered for each sale. The penalty is visited for the violation of the substantive thing named, the unlawful sale of intoxicants. The word "each" in the statute refers to state, city, county, etc., not to the sale. The amendment was therefore improper, and the court correctly limited the possible recovery later to one penalty of $500, since only the town of Flora was suing.

A very learned and exhaustive argument has been made by the learned counsel for the appellee to show that this statute is unconstitutional. This argument, of course, we cannot notice, because of the thoroughly fundamental canon of constitutional construction that this court will not consider the constitutionality of the statute assailed, except where it is absolutely essential to decision to do so. The court, at the conclusion of the introduction of the testimony, gave a peremptory instruction to find for the defendant. After a very careful examination of the evidence in the case, we are convinced that this action was correct. There is no evidence which would have warranted a verdict for the plaintiff on the issue joined. The circuit court would have been compelled, if such verdict had been rendered, to set it aside on the ground that it was not warranted by the testimony; and this fact is the best test of the propriety of his action in granting at the outset the peremptory charge.

The judgment is *affirmed.*