SALTER *et al. v.* JENNINGS FURNITURE CO.[*]

[109 So. 704.    No. 25676.]

(Division B.    Sept. 27, 1926.)

1. TRIAL. *Jury, in fixing value for judgment on forthcoming bond, in action to establish purchase-money lien on furniture, are not confined to sum fixed by testimony or in sheriff's return, but may consider evidence of condition and appearance, and their knowledge from experience and observation (Code 1906, section 3080 [Hemingway's Code, section 2437]).*

Jury, in fixing value of secondhand furniture for purpose of rendering judgment on forthcoming bond therefor, given in action under Code 1906, section 3080 (Hemingway's Code, section 2437), to establish purchase-money lien thereon, are not bound down to sum fixed by witnesses nor that fixed in sheriff's return, but therewith may consider evidence as to property's condition and appearance, and their own knowledge, gained by experience and observation, and deduce from the whole what in their judgment was its value at time of its seizure and execution of bond.

2. APPEAL AND ERROR.

There being evidence to sustain judgment, reducing it as condition to denying defendant's motion for new trial was not prejudicial to him.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 923, n. 86; Evidence, 22CJ, p. 183, n. 11, 12, 13, 20, 21; Trial, 38 Cyc, p. 1838, n. 2; p. 1840, n. 6.

APPEAL from circuit court of Coahoma county.

HON. W. A. ALCORN, JR., Judge.

Action by the Jennings Furniture Company against S. G. Salter. From a judgment for plaintiff against defendant and the surety on his forthcoming bond, they appeal. Affirmed.

*Cutrer & Smith,* for appellants.

This is a suit brought under section 2437, Hemingway's Code (1917) by the Jennings Furniture Company against S. G. Salter.

I. When the sheriff under the writ of seizure seized the personal property in question, he attempted to value each article of personal property as provided by law. The value placed on each article of personal property at the time it was seized by the sheriff was testified to by the witness, S. G. Salter, as being fifty per cent of the valuation placed thereon by the sheriff.

With this positive testimony as to the value, by a witness called by the plaintiff, in the record and before the jury, the court instructed the jury on behalf of the plaintiff that the valuations placed on the furniture by the sheriff in his return on the writ was *prima-facie* evidence of the value of said furniture. Had there been no testimony as to value introduced, this would have been the law of the case; but there being positive testimony in the record as to value, then the *prima-facie* rule has no force nor effect, and the jury would be unwarranted

to go beyond the testimony in the record to ascertain the value of the furniture in question. Section 3050, Hemingway's Code, 1917; *Wilburn* v. *Cologers,* 97 Miss. 511.

The jury, however, with this instruction of the court returned its verdict in open court, assessing the value of the furniture even in excess of the value placed thereon by the sheriff and over twice the value of each article as shown by the testimony.

There was no testimony in support of the verdict of the jury, valuations placed thereon being in excess of any testimony in the record and being in excess of the valuations placed thereon by the sheriff. A motion for a new trial was made, as shown by the record herein, on behalf of the defendant, one of the grounds of which was that the verdict of the jury was unsupported by the testimony and was contrary thereto. Instead of granting a new trial, however, the lower court undertook to enter what he pleased to term "a *remittitur*" and himself arbitrarily assessed and fixed the value of the furniture in question to conform to the value as placed thereon by the sheriff.

In conformity therewith and the plaintiff accepting said *remittitur,* the court overruled the motion for a new trial and entered a new judgment in the cause in conformity with the *remittitur.*

It is not within the province of the court to ascertain and determine the value of personal property, whether in a replevin suit, attachment suit or in a proceeding of summons and seizure, as in this case. The only verdict which the jury could have rendered assuming any competent testimony with reference to the value of the personal property, introduced as in this cause, was the value as shown by the testimony. The return of the sheriff ceases to be any evidence in the cause after the introduction of testimony with reference to value. *Bedon* v. *Alexander,* 47 Miss. 254; *Phillips* v. *Harvey,* 50 Miss. 489; 4 Wigmore on Evidence, p. 3532. See likewise sections 2487, 2489 and 2490 of this volume.

Manifestly the rule of law as announced by Wigmore is applicable to the presumption here dealt with, because it is a self-evident fact that the sheriff in arbitrarily valuing the articles of personal property is neither an expert nor if he were testifying in open court otherwise qualified to assess values, and for the additional reason that the sheriff is not subjected to a cross-examination by the jury. This rule of law has been announced by this court in numbers of cases dealing with the *prima-facie* statute of negligence, with which authorities this court is thoroughly familiar.

The defendant requested the court to instruct the jury that they would not be warranted in assessing any value in a sum greater than the value in conformity with the testimony of S. G. Salter, the only testimony with reference to values as appears in the record.

This instruction was refused by the court. We submit that the court was in error in refusing the instruction requested by the defendant in this respect as the instruction was in conformity with the evidence in the case and the only evidence with reference to values.

*John W. Crisler* and *Chas. W. Crisler,* for appellee.

With reference to the value of the property the only error which the court committed was in requiring the plaintiff to enter a *remittitur* down to the values shown in the sheriff's return, but the defendant cannot complain of this error.

Defendant bases his contention upon his own testimony to the effect that the property was worth about fifty per cent of what the sheriff had assessed it. Even had experts taken the witness stand and all sworn that the property was worth the amount testified to by Salter, still this would not have been conclusive and binding upon the jury. Value is not determined by a court or jury in any such manner, and the jury can give what weight it pleases to the testimony of experts. In this connection, let it be remembered that Salter does not

even propose to testify as an expert and, naturally, his testimony would not be entitled to as much weight as an expert witness. The supreme court of Mississippi has virtually settled this proposition in *Humphreys County* v. *Cashin,* 128 Miss. 236, 90 So. 838.

The rule with reference to proving the value of second-hand property is clearly stated in 22 C. J., p. 183, pars. 134, 135 and 141.

*An instruction that sheriff's valuation is prima-facie evidence of value was proper.* The court inferentially makes this holding in *Roberson* v. *U. S. Nursery Co.,* 121 Miss. 14, 83 So. 307.

In proving value there is no such thing as conclusive evidence being given by witnesses before a court and jury. Furthermore, even in the face of direct testimony the plaintiff would be entitled to this instruction and then if the defendant desired, he could get an instruction that the presumption disappeared in the face of direct testimony. This has been held by this court in cases too numerous to relate, and we shall content ourselves by citing only *A. & V. Ry.* v. *Thornhill,* 106 Miss. 387, 63 So. 674.

ANDERSON, J., delivered the opinion of the court.

Appellee, Jennings Furniture Company, brought this action in the circuit court of Coahoma county, against appellant S. G. Salter, under sections 3079 to 3081, inclusive, Code of 1906 (Hemingway's Code, sections 2436 to 2438, inclusive), to establish a purchase-money lien on a lot of household furniture that appellant, S. G. Salter, had bought from the appellee.

There was a trial and verdict and judgment for appellee, from which judgment appellants, Salter and the surety on his forthcoming bond, United States Fidelity & Guaranty Company, prosecute this appeal.

The writ of seizure authorized by statute was issued and levied by the sheriff on the property in question. In

his return, as required by statute, the sheriff valued the property. The appellant Salter gave a forthcoming bond for the property with appellant United States Fidelity & Guaranty Company as surety thereon. In order to render a valid verdict and judgment against the obligor on the forthcoming bond, it was necessary that the value of the property seized under the writ be shown. Appellants contend that the court erred in not granting appellants a new trial on the ground that the value of the property as fixed by the jury in their verdict was unsupported by the evidence in the case. The following is deemed a sufficient statement of the case to develop that question:

The sheriff, in his return, valued the property seized at one thousand one hundred forty-nine dollars. The property consisted of a lot of household furniture bought by appellant from appellee in 1920, for which appellant agreed to pay three thousand fifteen dollars. At the time this action was begun, the furniture had been in use about three years. Salter testified that at the time of the levy upon the furniture and the giving of the forthcoming bond it was worth only from five hundred to six hundred dollars. He further testified, however, at some length, with reference to other facts and circumstances which had a bearing on the value of the furniture. He testified that the furniture was bought new from appellee in 1920; that it had been used since that time, and described its condition, and stated that the market value of such furniture new, at the time of the trial, was less than its market value when purchased. There was other evidence as to the appearance and condition of the furniture.

The jury, in their verdict, fixed the value of the furniture at one thousand four hundred ninety-seven dollars. The sheriff's return, as stated, showed the value at one thousand one hundred forty-nine dollars, while the appellant Salter testified that, in his opinion, it was not worth more than from five hundred to six hundred dollars.

On motion for a new trial, the court ordered that appellee remit the amount of the judgment, fixing the value of the property in accordance with the verdict of the jury, down to the amount of one thousand one hundred and forty-nine dollars, the value fixed by the sheriff in his return, otherwise a new trial would be granted. Thereupon appellee entered a *remittitur,* and the motion for new trial was overruled, and the judgment was amended so as to fix the value of the property at one thousand one hundred and forty-nine dollars, the value fixed in the sheriff's return, instead of at one thousand four hundred seventy-nine dollars, the value fixed by the jury in their verdict. Appellants argue, with a good deal of force and reason, that the action of the court was erroneous and harmful to appellants, and because thereof they are entitled to a reversal of the judgment.

Many elements enter into the value of personal property. This is especially true of personal property that has not such a stable value as that its value is quoted daily in the markets of the country, and this is true, in a very large sense, of used or secondhand personal property. The evidence of the original cost of such property, its usefulness and appearance in its present condition, are important elements of its value. 22 C. J. sections 134 and 135, pp. 182 and 183. The value of such property is a matter of opinion based on evidence of its condition and usefulness as well as appearance. Its value may be shown by nonexpert testimony; its value is a matter that necessarily comes within the knowledge of a great number of people; it does not require expert knowledge. No witness is competent to testify positively that such property is worth so many dollars as might be testified to with reference to personal property having a fixed market value and daily quoted in the markets. In addition to the evidence of witnesses, the jury had the right to apply their own knowledge of such matters, acquired by experience and observation. They had the right to use such knowledge along with the evidence in

the case, and deduce from the whole their judgment as to the value of the property. Only about three years before this action was begun, appellant Salter bought the furniture from appellee at a cost of three thousand fifteen dollars. We are of opinion that, under the evidence, the jury, in fixing the value of the property, were not bound down to any sum fixed by the witnesses. They had the right to consider the value fixed in the sheriff's return, along with the value fixed by the appellant Salter, in connection with the evidence as to the condition and appearance of the furniture, and their own knowledge, gained from experience and observation, and deduce from the whole, what, in their judgment, was the value at the time of its seizure and the execution of the forthcoming bond. We think, so viewing the evidence, that the jury was justified in discarding the value fixed in the sheriff's return, as well as that fixed by the appellant Salter in his testimony, and in fixing the greater amount which they did in their verdict.

It follows from these views that the court in reducing the judgment from the sum fixed by the jury to that fixed by the sheriff in his return was without harm to appellants. On the contrary, it was favorable to them, and therefore they have no right to complain.

We are of opinion that appellants' other contentions are without merit, and are not of sufficient gravity to call for a discussion by the court.

*Affirmed.*