ILLINOIS CENT. R. R. CO. *v.* COLN.*

(In Banc. Nov. 22, 1926. Suggestion of Error Overruled Jan. 10, 1927.)

[110 So. 782. No. 25817.]

1. DAMAGES. *Evidence of amount of land burned over and number and size of trees killed by fire held sufficient for jury on issue of actual damage.*

   In suit against railroad for alleged wrongful destruction by fire of grass and trees, evidence showing amount of land burned over and number and size of trees *held* sufficient for jury on issue of actual damage, without showing amount of damage in dollars and cents. (Affirmed by divided court.)

2. PENALTIES. *Only one of statutory penalties may be recovered for wrongful destruction of trees by fire (Hemingway's Code, section 3246, amended by Laws 1924, chapter 167; Hemingway's Code, section 3257).*

   Only one of statutory penalties authorized by Code 1906, section 4977 (Hemingway's Code, section 3246), amended by Laws 1924, chapter 167, and Code 1906, section 4988 (Hemingway's Code, section 3257), may be recovered for wrongful destruction by fire of trees.

3. STATUTES. *Penal statutes must be construed strictly in favor of person to be penalized.*

Penal statutes must be strictly construed in favor of person against whom penalties are claimed.

HOLDEN, J., SMITH, C. J., and COOK, J., dissenting in part.

---

*Corpus Juris-Cyc. References: Damages, 17CJ, p. 1058, n. 60 New; Evidence, 22CJ, p. 728, n. 73; p. 730, n. 78; Fines Forfeitures and Penalties, 25CJ, p. 1181, n. 44; Statutes, 36Cyc, p. 1183, n. 46; p. 1185, n. 48. Rule as to strict construction of penal statutes, see 25 R. C. L. 1081; 3 R. C. L. Supp. 1440; 4 R. C. L. Supp. 1621; 5 R. C. L. Supp. 1365; 6 R. C. L. Supp. 1504.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Action by Mrs. M. E. Coln against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant appeals, and plaintiff cross-appeals. Affirmed by divided court on direct appeal, and affirmed on cross-appeal.

*R. V. Fletcher* and *May, Sanders & McLaurin,* for appellant.

I. The peremptory instruction should have been given because: (a) As to the actual damages claimed, there was no proof of negligence and none whatever of loss and damage to the plaintiff; (b) as to the penalty, there was no proof of negligence which would warrant the imposition of the statutory penalty; but, on the contrary, the testimony showed that the section crew in burning off the right of way performed a necessary and lawful act and exercised every precaution to prevent the spread of the fire.

The law does not impose upon a railroad company liability, either for actual or punitive damages, in a case of this character in the absence of negligence or wilful wrong in the doing of the act complained of. *Mhoon v. Greenfield,* 52 Miss. 434; *McCleary v. Anthony,* 54 Miss. 708.

II.   The judgment is excessive and in no event can be sustained for more than the statutory penalty of one hundred fifty dollars plus three dollars and sixty cents, the value of the six bushels of corn.

The plaintiff did not prove, nor offer to prove, that the trees, cane and pasture destroyed by the fire were possessed of any real value.   On the other hand, the witnesses for the defendant testified without contradiction, that the things destroyed by the fire had no value and several of the witnesses testified that so far as the land was concerned, the fire was beneficial to the owner.   And yet the jury returned a verdict of five hundred fifty dollars with no evidence to sustain it.   See *L. & N. R. R. Co.* v. *Stewart,* 78 Miss. 600, 29 So. 294; *Smith, etc., Co.* v. *Tamps, etc., Co.,* (Fla.) 89 So. 352; *Iberia Tel. Exchange* v. *Cumberland T. & T. Co.* (La.), 25 So. 975; *R. & D. R. R. Co.* v. *Chandle* (Miss.), 13 So. 267; *Kershaw Milling Co.* v. *Lankford* (Ala.), 105 So. 896; 8 Am. & Eng. Enc. of Law, 548; *M. & O. R. R. Co.* v. *Jackson,* 92 Miss. 517, 46 So. 142; *Duncan* v. *Watson,* 28 Miss. 187; *N. O. M. & C.* v. *Harrison,* 105 Miss. 18, 61 So. 655; *Stewart* v. *Coleman,* 81 So. 653.

In arriving at a verdict for actual damages the jury disregarded the uncontradicted and unimpeached testimony of the witnesses for the defendant and resorted to conjecture and guesswork.   This they were not warranted in doing and it is condemned by the authorities cited.

III.   The instructions for the plaintiff were erroneous and misleading.   One instruction was wrong because it left it to the jury to determine whether the servants of the railroad company were guilty of wilfulness, wantoness, negligence or carelessness when none were shown; and because it authorized the jury to find for the plaintiff the value of the trees destroyed when no value was proved, thus inviting the jury to guess at the value.

Another instruction is bad because it authorizes the jury to find for the plaintiff and award the penalty of one hundred fifty dollars if the employees of the defendant wantonly, negligently or carelessly allowed fire set out on the right of way to get onto the land of plaintiff, when the proof showed conclusively that they did everything they reasonably could to prevent spread of the fire.

*Ely B. Mitchell,* for appellee.

This action is based on section 167, Laws of 1924. For legal definitions of the word "destroy," see 18 C. J. 976; 11 Penn. Super. Ct. 560-64; *Rapid Safety Fire Extinguishers Co.* v. *Hay-Budden Mfg. Co.,* 75 New York Supp. 1008-10. The phrase "deadened timber" as used in a logging contract means to circle the trees with a cut deep enough to interrupt the flow of the sap and thereby kill the tree. *Des Allemands Lbr. Co.* v. *Morgan City Lbr. Co.,* 41 So. 332.

It was gross carelessness to burn off the right of way without some tools, implements or contrivance by which the fire could be governed and controlled. If they intended to burn off only the right of way, why was it they were sticking fire to hay and Johnson grass upon the land of the appellee at a dry season of the year? It only goes to show that they were carrying out exactly what was expressed when the section foreman told his hands, "Not to put it out, but to let her burn to hell and back." The same intention was carried out when Mr. Worsham, said, "I thought I would do him a little."

Under this testimony we contend that the timber was wilfully, carelessly, negligently and recklessly destroyed by fire. This being a fact, under the testimony, the kind of trees, the number and the price was shown.

The statutory penalty would amount to seven thousand two hundred eighty dollars. This is what the appellee would be entitled to, but she is a generous hearted woman, not wanting to take the full advantage of the law given

her, and agreed that twenty-five hundred dollars would be satisfactory to her. Therefore, the amount that she was entitled to under the evidence was reduced from seven thousand two hundred eight dollars to twenty-five hundred dollars.

The court held that this fact showed we were not suing for the statutory penalty under chapter 167, Laws of 1924. The plaintiff in the court below then moved the court to allow her to amend her declaration so that the declaration would correspond with the facts as testified to. This he refused to do. We contend that this was a great error on the part of the court, and for this reason the case should be reversed and remanded.

Under section 3258, Hemingway's Code, the appellee had a right to claim less than the penalty given. The appellant has no right to complain for the favor conferred upon it by the appellee.

The declaration together with this charge shows clearly that counsel for appellee had in mind at the time the declaration was prepared, and drew the declaration under, chapter 167, Laws of 1924. She included in the declaration only the statutory penalty for the destruction of the trees and did not include the actual market value of the same.

The court held in *Roel* v. *Shields,* 86 So. 763, "The owner can only recover either the statutory penalty or the value of the trees cut, but not both." After this decision, the legislature enacted chapter 167, Laws of 1924, which gave the owner the right to recover for both the penalty and the value of the trees destroyed.

"Where defendant has cut down growing trees on plaintiff's land without his permission, it is not error to submit to the jury the question of defendant's liability for the statutory penalty." *Cumberland Tel. & Tel. Co.* v. *Odeneal,* 24 So. 966.

The second count of the declaration was based upon section 32, 57 Hemingway's Code. If the jury believe what these witnesses testified, which they did according

to their verdict, then it cannot be disputed that the railroad company, through its agents, set on fire lands of the appellee.

If they could have put out the fire before it got too big a start and failed to do so, and were instructed by the section foreman not to do it, but to let it burn, I contend that they wantonly, negligently and carelessly allowed the fire to get on to the lands of the appellee.

"The owner can maintain an action under this chapter for the penalty and damages though the land is not in his possession but is leased to a third person, he cannot be required to elect whether he will stand on the count for damages or for the penalty, since in one suit he can recover both." *Gilchrist Fordney Co.* v. *Parker,* 109 Miss. 445.

Another contention of counsel for appellant is that the judgment is excessive. They claim there is no evidence offered to prove that the trees, cane, and pasture which were destroyed by the fire, possessed any real value; but see 26 R. C. L., page 971.

This case was tried before a jury of dirt farmers, saw mill men, etc. They knew as much about the value of pastures, corn and timber as any witnesses who could have been obtained to testify on the subject. The kind and size of the timber destroyed was testified to by witnesses for the appellee. The real value of the trees was not testified to because the law, according to our contention, fixed the penalty at five and fifteen dollars per tree; but if the court should hold that the entire lawsuit is brought under section 3257, Hemingway's Code, then if the kind and class of the trees have been testified to as having been destroyed, the fence around the pasture having been destroyed, the pasture having been burned off, it furnishes the jury a basis upon which to estimate the value of the property destroyed.

*May, Sanders & McLaurin* and *R. V. Fletcher*, in reply, for appellant.

Section 3246, Hemingway's Code, as amended by chapter 167, Laws of 1924, authorizes a recovery for the wilful cutting, destroying, etc., of trees by any person upon the land of another and allows a recovery of actual damages in addition thereto in the same proceeding.

Section 3247, allows a recovery for actual damages and the penalty of one hundred fifty dollars by any person for the act of another in wantonly, negligently or carelessly setting out fire upon the premises of any person. The declaration in this case was in two counts.

The first count of the declaration claimed actual damages and did not squint at a claim for the statutory penalty of so much per tree. The plaintiff waived her claim to the statutory penalty, if she had such a claim, and sued for the damages. It was too late to reverse the position after both sides had rested, and to have permitted it would have been a gross injustice to the defendant.

There was nothing in the testimony to warrant a claim for the statutory penalty. The foreman in charge of the gang had instructed them to exercise care and caution in burning off the right of way; to use care and caution to prevent the spread of the fire; but despite their efforts, the fire spread to the plaintiff's land causing no actual damages, according to the proof, other than the destruction of five bushels of corn worth three dollars. The statutory penalty, of course, is recoverable only where the act done was wilful or reckless. See *Therrell* v. *Ellis*, 83 Miss. 494. Moreover, this being a penal statute, it is to be strictly construed and the statute was not designed to cover a case where the injury complained of was caused by the spread of fire.

If the plaintiff had possessed the right at the outset to sue for the penalty of fifteen dollars per tree, she elected to sue for the other statutory penalty of one hundred fifty dollars for the negligent firing of her farm. She

could not do both, and having elected to claim the penalty of one hundred fifty dollars she is bound by her election. See 9 R. C. L., page 956 et seq., "Election of Remedies;" *Warriner* v. *Fant*, 114 Miss. 174; *Clark* v. *Erwin*, 72 Miss. 926.

Argued orally by *J. O. S. Sanders* for appellant, and *Ely B. Mitchell*, for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee, Mrs. M. E. Coln, brought this action in the circuit court of Alcorn county against appellant, Illinois Central Railroad Company, to recover damages for the alleged wrongful destruction by fire of the grass and trees on appellee's land, and recovered a judgment in the sum of five hundred and fifty dollars and costs. From that judgment, appellant prosecutes an appeal and appellee a cross-appeal.

Appellee's declaration is in two counts. The first count charges that under the direction of appellant's section foreman while engaged in his duties as such, in clearing off and burning off appellant's railroad right of way, through the willful, gross, and wanton negligence of such section foreman and his crew, fire was permitted to get out from the railroad right of way onto appellee's land, destroying thereon about two acres of pasture grass, five bushels of corn worth sixty cents per bushel, seven hundred forty willow trees, two hundred seventy ash trees, eighty sycamore trees, thirty-six gum trees, twenty-two elm trees, three persimmon trees, five oak trees, three poplar trees, and four box trees, to the damage of appellant in the sum of two thousand five hundred twenty-three dollars. The second count of the declaration alleges that, through the willful and wanton negligence of appellant's section crew in the performance of their duties as set out in the first count, they permitted the fire on appellant's right of way to spread

therefrom onto appellee's land and destroy the trees and the grass on her pasture. The second count sets out, as does the first count, the number and kinds of trees destroyed by fire, and concludes with a demand for judgment for one hundred fifty dollars, the statutory penalty under section 4988, Code of 1906 (section 3257, Hemingway's Code).

At the conclusion of the evidence, appellant requested a directed verdict in its favor, which was denied by the court. And appellant also requested and the court refused an instruction to the effect that it was necessary for the evidence to show the actual sum of the damages due appellee. Appellee requested an instruction to the effect that, if the jury believed from the evidence that appellant's section crew willfully and wantonly set out out the fire which spread onto appellee's land and destroyed the timber thereon, they should return a verdict in the sum of fifteen dollars per tree for the gum trees, the elm trees, the persimmon trees, the oak trees, the poplar trees, and the ash trees destroyed, and five dollars per tree for all other trees destroyed. The court refused this instruction. Appellee thereupon made application to the court to be permitted to amend the second count of her declaration so as to sue for the statutory penalty for the trees destroyed under section 4977, Code of 1906 (section 3246, Hemingway's Code), as amended by chapter 167 of the Laws of 1924. The court denied such application. The refusal of that instruction requested by appellee, and the refusal of her application to so amend the first count of her declaration, form the bases of her cross-appeal. The court gave an instruction for appellee, by which it told the jury that, if they believed from the preponderance of the evidence that through the willful and wanton negligence of appellant's section crew the fire was allowed to get onto appellee's land and injure her trees and grass, the jury should return a verdict "in addition to the damage to the trees,

grass, and corn, in the sum of one hundred fifty dollars as a penalty against the defendant."

The serious question on direct appeal is whether there was sufficient evidence to go to the jury on the issue as to the actual damage done to the trees and grass on appellee's land. There was no witness offered on behalf of appellee who testified as to the damage done appellee's pasture and the trees on her land, who undertook.in his testimony to measure the amount of such damage in any given sum of money. The evidence showed that the five bushels. of corn were worth three dollars. As to the trees, the evidence on behalf of appellee tended to show substantially the following facts: How much of the land was burned over, and the number and size of the gum trees, elm trees, persimmon trees, oak trees, poplar trees, ash trees, and other kinds of trees injured and killed by the fire. The witnesses did not undertake to give the exact diameter of all the trees destroyed, but gave an estimate of the minimum and maximum size at the stump. The evidence on behalf of appellant tended to show that the fire was without damage to appellee; that the trees and grass on her land were worthless; and that her land was benefited, rather than injured, by the fire.

Appellant's position is that, in the absence of any evidence measuring the damage suffered by appellee in the currency of the country, the jury had no ground upon which to base their verdict as to the sum of four hundred dollars, the verdict of the jury being for five hundred fifty dollars, of which one hundred fifty dollars could have been and, doubtless, was for the statutory penalty provided by section 4988, Code of 1906 (section 3257, Hemingway's Code), which provides that any person who shall willfully or wantonly set out fire on the lands of another, or carelessly allow any fire to get onto the lands of another, shall be liable for a penalty of one hundred fifty dollars. Appellant contends that at least as to the four hundred dollars of the verdict the jury had no evidence upon which to base their verdict,

except as to the three dollars of the amount, which was the value of the corn destroyed. And this contention is founded on the theory that the evidence for neither appellant nor appellee tended to show the damage done appellee's grass and trees measured by the currency of the country; in other words, it was necessary for the evidence to show or tend to show the amount of damage done the pasture and trees in dollars or dollars and cents. In *Salter* v. *Jennings Furniture Co.* (Miss.), 109 So. 704, there was involved the value of secondhand furniture. The jury were required to find and return the value in their verdict. The sheriff's return showed the value of the property involved to be one thousand one hundred forty-nine dollars. The only other evidence as to its value was the testimony of Salter, the defendant, who fixed the value of the furniture at not more than six hundred dollars. The evidence showed, however, the original cost of the furniture, how long it had been in use, and its condition and appearance. The jury fixed the value of the furniture at one thousand four hundred seventy-nine dollars. The court held that, under the principles of law governing that case, the jury were justified in their verdict. The court said that the value of such property was a matter of opinion based on the evidence of its condition, usefulness, and appearance; that its value might be shown by nonexpert testimony; that the value of such property necessarily came within the knowledge of a great number of persons; that no witness could testify positively that such property was worth so many dollars, as might be testified to with reference to personal property having a fixed market value and quoted upon the markets of the country; that the jury, in addition to the evidence of the witnesses describing the kind and character of the property, had the right to apply their own knowledge to such matters, acquired by experience and observation; that it was their duty to use such knowledge along with the evidence in the case, and deduce from the whole their judgment of

the value of the property. It was said by the court in *Hercules Powder Co.* v. *Lee Williamson,* 145 Miss. 172, 110 So. 244, in its opinion handed down Monday, October 26, 1926, that—"The ordinary jury is supposed to be, and is usually comprised of men of education and men of little education, of men of learning in particular lines, and men whose learning consists of only what they have seen and heard, of merchants, mechanics, farmers, and laborers. Thus constituted, they sit together consulting and applying their separate experiences in the affairs of life, and from the proven facts draw their conclusions. 'This average judgment thus given it is the great effort of the law to obtain. It is assumed that twelve men know more of the common affairs of life than does one man; that they can draw wiser and safer conclusions from admitted facts thus occurring than can a single judge' "—citing *Sioux City & Pacific Railway Co.* v. *Stout,* 17 Wall. 657, 21 L. Ed. 745.

The verdict of the jury on a question of this character is necessarily a mere matter of opinion on their part. It is their concensus of opinion made up from the evidence of the witnesses as well as their own knowledge gained from observation and experience. No witness, in the nature of the matter, could give any more than an opinion on the subject. The jury has the right, if justified by the evidence, to disregard entirely the opinions of the witnesses as to the sum of the damage in dollars, in determining a question of this character. The verdict in this case was the mere opinion of the jury, based on the evidence as to the amount of grass destroyed, and the number and character of the different kinds of trees destroyed and their size, and the knowledge of the jury of such matters acquired from their observation and experience; and their verdict could have been nothing more if a dozen witnesses had each given an opinion as to what, in their judgment, was the sum of the damage done appellee. We are of opinion, therefore, that the evidence was definite enough as to the

value of the grass and trees to justify the verdict of the jury. The other questions argued on direct appeal, we think, are without merit, and we do not consider them of sufficient gravity to call for a discussion by the court.

The cross-appeal by appellee presents the question whether or not under section 4977, Code of 1906 (section 3246, Hemingway's Code), as amended by chapter 167, Laws of 1924, and section 4988, Code of 1906 (section 3257, Hemingway's Code), there may be a recovery of two statutory penalties for the destruction of trees, one under each one of those statutes. The only change made by chapter 167, Laws of 1924, in section 4977, Code of 1906 (section 3246, Hemingway's Code), was to add to the section as it appeared in the Code the right of the owner to recover, in addition to the statutory penalty for the trees, the actual value thereof in the same suit. Those two statutes, in the order referred to above, are in the following language:

Chapter 167, Laws 1924:

"If any person shall cut down, deaden, destroy, or take away, if already cut or fallen, any cypress, white oak, black oak, or other oak, pine, poplar, black walnut, cherry, pecan, hickory, chestnut, birch, ash, holly, gum, persimmon, or beech tree, on land not his own, without the consent of the owner, he shall pay to the owner of the tree or trees, as a penalty, fifteen dollars for every such tree so cut down, deadened, destroyed or taken away; and for every other tree not herein described so cut down, deadened, destroyed, or taken away, the sum of five dollars shall be paid as a penalty. And in addition to the penalty to be paid as herein provided, he shall pay to the owner of such tree or trees the actual value of such tree or trees so cut down, deadened, destroyed or taken away; and for such actual damages and for such penalty the owner may recover in the same suit."

Section 3257, Hemingway's Code (4988):

*"By Firing Woods.*—If any person shall set on fire any lands of another, or shall wantonly, negligently, or carelessly allow any fire to get into the lands of another, he shall be liable to the person injured thereby, not only for the injury to or destruction of buildings, fences, and the like, but for the burning and injury of trees, timber, and grass, and damage to the range as well; and shall moreover be liable to a penalty of one hundred and fifty dollars in favor of the owner.''

It will be observed that each of these statutes provides, among other things, a penalty for the wrongful destruction of trees. The first statute copied above, as construed by the decisions of our court, denounces a penalty against any person for the willful and wanton destruction of each character of tree therein named. The statute by its terms includes all kinds of trees. The second statute denounces a penalty of one hundred and fifty dollars against the person willfully or wantonly injuring or destroying by fire trees and other property therein enumerated. Appellee recovered the penalty of one hundred and fifty dollars provided by the second statute. She sought by her requested instruction, refused by the court, and by the amendment to the first count of the declaration, to recover, in addition, the statutory penalty for destroying the trees on her land, denounced by the first statute. We think the court committed no error in refusing the appellee's instruction, and in denying her application to amend the first count of the declaration. She was not entitled to recover the statutory penalties provided for in both of the statutes. Both statutes deal with the willful and wanton injury and destruction of trees. It is unnecessary to decide whether or not the first statute referred to covers the destruction of trees by fire. But, conceding for argument's sake that it does, the result would be two statutes dealing with the same subject-matter, each providing a separate and distinct penalty for the injury and destruction of trees by fire. Both penalties cannot be recovered.

It is not conceivable that the legislature intended for the same act to impose a double penalty, and, in addition thereto, actual damages. Both of these statutes are highly penal, and, taken separately and together, must be strictly construed in favor of the person against whom the penalties therein provided are claimed. It results from these views that the case is affirmed on both direct and cross-appeal.

*Affirmed on both direct and cross-appeals.*

HOLDEN, J., dissenting.

I dissent from the view of the affirming opinion, rendered by a divided court, as to that part of the opinion which holds that it was unnecessary for the plaintiff to prove the actual damages suffered by her on account of the fire set out by the railroad company. Justice COOK and the Chief Justice join me in this dissent.

We concur with the main opinion in all respects, except that we think the plaintiff below could only recover nominal damages on account of the fire, because she failed to offer any proof as to the amount of the actual loss suffered by her.

None of the witnesses undertook to estimate the amount of loss on account of the fire; they merely described to the jury that the grass and a number of saplings were burned, but made no effort to give the jury any information as to the amount of the loss, or to give the jury a basis upon which the loss might be fixed by it. On the other hand, the railroad company showed, by numerous witnesses, that there was no actual damage on account of the fire; that the fire was beneficial to the land; and that the saplings burned were of no value, in any form or respect.

This testimony by the railroad company was undisputed, except, as the majority opinion claims, that the mere showing as to what was burned, was sufficient to take the question of the amount of the loss to the jury, and then the jury could fix the amount of loss from

their own individual knowledge of values in such cases.

The holding is manifestly wrong, because some of the jurors on that jury may not have had any knowledge whatever as to the value of the burned grass or saplings in that community. Some of the jurors may not even have known whether the saplings would be of any value for any purpose, and, as to the value of the grass burned, surely the jury was not to be turned loose without any guide or basis of proof as to the value of the burned grass.

There should have been testimony introduced showing the estimated value of the property destroyed, so that the jury would have some information upon which to base a finding as to the amount of the loss; in other words, it is not a case where the jury should have been allowed, or required, to find a verdict upon the individual knowledge of its members; nor is it a case where the value of the destroyed property was of common knowledge, so that no proof of the value was necessary.

There is quite a difference in the rule as to proving the value of property destroyed and in proving the amount to be awarded on account of pain and suffering from personal injuries and similar damages. The value of the property destroyed must be shown by witnesses who are able to estimate the value, based upon the conditions and circumstances in the community where the property was destroyed, and, from this information, the jury may reasonably ascertain and fix the amount of the loss; otherwise, the jury, or at least some of them, have no guide as to the amount of the loss. They may render such a wild and excessive verdict that the trial judge would not know how to correct it, nor would the judges of this court know whether such verdict was excessive and ought to be reduced, because there is no testimony as to the value, and the particular property destroyed has no value commonly known to judges or jurors.

The rule announced by the majority is not supported, so far as we have been able to find, by any of the author-

ities in the United States. The case cited by the majority opinion of *Salter* v. *Jennings Furniture Co.* (Miss.), 109 So. 704, went to an extreme length with reference to common knowledge as to the value of the property, but, as I see it, that case does not support the view of the majority opinion here, because there was plenty of testimony introduced there which went to show the purchase price of the furniture, how long it had been used, and what its condition was, etc., all of which was information to the jury upon which it could base a finding as to the then present value of the furniture.

To put it in a different way, the jury had before it the testimony of witnesses which gave the jury a basis upon which it could reasonably calculate the value of the furniture, taking into consideration what it cost, how long it had been used, and its then present condition, and the general trend of prices of the market, etc., and from all of these basic facts, testified to by witnesses, the jury could reasonably find the value of the furniture; but, in the case at bar, there is no testimony furnishing such a guide for the jury as there was in the *Jennings case, supra.*