WINTER, STATE TAX COLLECTOR *v.* HARDESTER

No. 40589        November 25, 1957        98 So. 2d 629

*Pyles & Tucker,* Jackson, for appellant.

No attorney listed for appellee.

KYLE, J.

This is a suit begun by attachment in chancery by the state tax collector for the collection of penalties provided for in Section 2639, Mississippi Code of 1942, for the unlawful and illegal sales of malt, vinous and spirituous liquors. The bill of complaint was filed in the Chancery Court of Lauderdale County by Mrs. Thomas L. Bailey, State Tax Collector, against the appellee, Harold H. Hardester, Mrs. John Barmer, Sr., and John Barmer, Jr., as defendants. Mrs. Bailey died before the case was

tried, and the suit was revived in the name of William Winter, the present State Tax Collector. There are no issues of fact presented in the record. The only question to be determined by us on this appeal is one of law.

The bill of complaint alleged that Harold H. Hardester, Mrs. John Barmer, Sr., and John Barmer, Jr., were joint adventurers in the ownership, control and operation of a business for the sale of spirituous liquors, and that the business was being operated on U. S. Highway No. 80 and U. S. Highway No. 11, South, near the corporate limits of the City of Meridian, in Lauderdale County; that the said Hardester and his two coadventurers had in their possession a quantity of whiskey, wines, gin, rum, brandy and other vinous and spirituous liquors which were held for sale, sold and permitted to be sold on the above described premises contrary to law; and that on May 21, 1954, Hardester made two separate and distinct sales of bottles of vinous and spirituous liquors, described as whiskey, to two deputy state tax collectors, on the above described premises. The bill also alleged that on April 1, 1954, Hardester had purchased from the treasury department of the United States a Federal occupational retail liquor stamp or permit, No. 279675, effective for one year, for the purpose of enabling him to sell and dispose of intoxicating liquors at or on the above described premises.

An unsworn answer was filed by the attorney for the above named defendants, and the cause was heard by agreement of the parties on the bill of complaint and the answer, the taking of testimony and the introduction of evidence being waived by the defendants.

At the conclusion of the hearing the court found as a fact that Harold H. Hardester unlawfully sold or permitted to be sold, at his place of business in Lauderdale County, Mississippi, vinous and spirituous liquor, on May 21, 1954, as alleged in the bill of complaint, and that he made two distinct and separate unlawful sales on that

date. But the court was of the opinion that, under Section 2639, Code of 1942, the state and county could recover only one penalty for all of the sales made up to the time of the filing of the bill of complaint, and that the complainant was entitled to recover from the defendant Hardester only one penalty in the sum of $500, for the use and benefit of Lauderdale County, and only one penalty in the sum of $500 for the use and benefit of the State. The court therefore entered a decree in favor of the complainant and against the defendant Hardester for the total sum of $1,000, for the use and benefit of the State of Mississippi and Lauderdale County, and taxed the costs of the proceeding against the defendant Hardester. The court found that the defendant, Mrs. John Barmer, was not a joint adventurer in the unlawful sale of liquor, and that no lawful process had been served upon the defendant, John Barmer, Jr., and the bill of complaint was dismissed as to them.

From that decree the State Tax Collector has prosecuted this appeal.

██ ■ Only one point is argued by the appellant's attorneys as ground for reversal of the decree of the lower court, and that is, that the court erred in limiting the recovery of the appellant for the multiple sales to one penalty of $500 for the State, and one penalty of $500 for the county, and that the court erred in failing to rule that each sale constituted a separate offense under the statute.

The statute under consideration, Section 2639, Code of 1942, is as follows:

"Any person who may sell or give away malt, vinous or spirituous liquors unlawfully, or who shall allow the same to be sold or given away at his place of business, for any purpose whatever, or shall knowingly permit any person not interested in or connected with such business to keep and drink or give away at such place of business any vinous, malt or spirituous liquors, shall be

subject to pay to the state, county, city, town or village, where the offense is committed, each, the sum of five hundred dollars; and the state, county, city, town or village, or any taxpayer of the state, county, city, town or village in the name thereof, or the state tax collector, or any sheriff within the county acting for them, may sue for and recover civilly, either jointly or separately, each said sum of five hundred dollars; and such civil suit may be commenced by attachment without bond.''

■■■ We think it was not the purpose and intention of the legislature, by the enactment of the above mentioned statute, to permit the state, county or city to recover more than one penalty, each, in a suit of this kind. The statute does not say that any person who violates the provisions thereof shall be subject to pay to the state, county or city, where the offense is committed, each, the sum of five hundred dollars for each bottle or drink of malt, vinous or spirituous liquor unlawfully kept, sold or given away, or for each separate sale of such liquor. The statute does not say that the state, county or city may sue for and recover multiple penalties for each separate offense that may have been committed prior to the commencement of the suit. The statute merely provides that ''any person who may sell or give away malt, vinous or spirituous liquors unlawfully, or who shall allow the same to be sold or given away at his place of business,'' shall be subject to pay the state, county or city, where the offense is committed, each, the sum of $500. The word ''each'' in the statute clearly refers to state, county and city, not to the sale. The amount of the penalty which may be recovered by the state, the county and the municipality, for a violation of the statute is fixed by the statute and is not to be determined according to the number of sales which the proof may show the defendant has made.

In Illinois Cent. R. R. Co. v. Coln, 145 Miss. 399, 110 So. 782, the Court held that penal statutes must be strict-

ly construed in favor of the person against whom penalties are claimed.

In State Ex rel. Gully v. Mutual Life Ins. Co., 189 Miss. 830, 196 So. 796, this Court said: "Penalties are not to be imposed by implication. They must be provided for in plain language."

The general rule relating to the assessment of cumulative penalties in cases of this kind is stated in 23 Am. Jur., p. 638, Forfeitures and Penalties, par. 47, as follows: "The theory of prosecutions to recover penalties has been considered to be for the purpose of administering warnings not to continue the acts complained of. Generally, the purpose of the legislature will be sufficiently subserved when one violation or one default is recovered for, which shall act as a deterrent on continuing to disregard the statute. * * * In view of this principle and the rule that penalty statutes are to be subjected to strict construction, the courts have laid down the rule that cumulative recoveries will not be permitted in the absence of such a definite statement by the legislature as to leave its intention in that respect unmistakable.

"In the absence of express words, it seems that only one recovery can be had for acts or omissions, in violation of a statute, occurring prior to the commencement of suit."

Only one case has been brought to our attention in which this Court has had occasion to consider questions relating to the recovery of cumulative penalties, and that is the case of the Town of Flora v. American Express Company, 92 Miss. 66, 45 So. 149. In that case plaintiff's declaration was based on Code 1892, Sec. 1590, and was for the recovery of the penalty of $500, provided by the statute, for the unlawful sale of intoxicating liquors within the limits of the municipality. Before trial the declaration was amended so as to charge six distinct alleged sales of intoxicating liquors within the town

limits, and demanded $500 for each alleged offense, a total of $3,000. The court, however, held that the plaintiff would be entitled under the pleadings to recover, if at all, only one penalty of $500. After the plaintiff had introduced its evidence, the court directed a verdict in favor of the defendant, and a judgment was entered thereon. The Town of Flora appealed to this Court, and this Court affirmed the judgment of the lower court on the ground that there was no evidence which would have warranted a verdict for the plaintiff on the issues joined. In discussing the question as to the right of the plaintiff to recover cumulative penalties, however, this Court in its opinion said: "It is not the intent of this statute to permit the recovery of more than one penalty up to the time of the commencement of the suit. It does not say that a penalty of $500 shall be recovered for each offense. There is no such language in the statute."

The appellant's attorneys argue, however, that what was said in the Town of Flora case concerning the right of the municipality to recover multiple penalties is not controlling here for the reason that the judgment in that case was affirmed on other grounds, and what was said in the opinion concerning the right to recover multiple penalties was mere dicta. We think the criticism of the opinion is a valid criticism, in that a court does not usually pass upon questions of statutory construction unless it is necessary to do so in determining the issues actually involved in the case before it. But we also think that the construction placed upon the statute in the opinion rendered in the Town of Flora case was correct, and we are not precluded from adopting that construction as a correct statement of the law merely because what was said in the opinion was not necessary to a proper decision of that case.

If the legislature, in enacting Section 2639, Code of 1942, had intended that the state and the county should have the right to sue for and recover civilly, either joint-

ly or separately, each, the sum of five hundred dollars for each sale of malt, vinous or spirituous liquors shown to have been made by the defendant prior to the filing of the suit, we think the legislature would have expressed its intention to that effect in unmistakable language. But the legislature did not do so; and in the absence of words clearly expressing such legislative intent, we hold that only one penalty can be recovered for the state, and only one penalty can be recovered for the county, in a suit of this kind.

The conclusion that we have reached is in harmony with the general principle that statutes imposing penalties shall be strictly construed, and cumulative penalties shall not be allowed in the absence of a definite statement by the legislature that such penalties may be recovered for each offense.

The decree of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.