McDuff, Defendant-Appellant *v.*
McDuff, Claimant-Appellee

No. 43448 April 5, 1965 173 So. 2d 419

*Ebb J. Ford, Jr.,* Gulfport, for appellant.

*Forrest B. Jackson,* Jackson; *Bidwell Adam,* Gulfport, for appellee.

PATTERSON, J.

This is an appeal from the Chancery Court of Harrison County wherein complainant was awarded a decree of divorce and custody of the two minor children of the parties.

The defendant did not contest the cause in the trial court. He appeals here, assigning as error: (1) The chancery court did not have jurisdiction of the suit since proper process was not had upon the defendant, and (2) the court below did not have jurisdiction of the suit

for divorce in that neither the complainant nor defendant was an actual bona fide resident citizen of the state of Mississippi for one year next preceding the commencement of the suit.

We are of the opinion that the first assignment of error is well taken and that the cause must be reversed, as the provisions of Mississippi Code Annotated section 1852 (1956) were not complied with. The pertinent portions of this statute for the purpose of this decision are as follows:

> If the defendant in any proceeding in a chancery court be shown by sworn bill or petition, or by affidavit filed, to be a non-resident of this state, or not to be found therein on diligent inquiry and the post office of such defendant be stated in the bill, petition or affidavit, or if it be therein stated that it is not known to the complainant or petitioner after diligent inquiry, or if the affidavit be made by another for him, that such post office is unknown to affiant after diligent inquiry and he believes it is unknown to complainant or petitioner after diligent inquiry by complainant or petitioner, the clerk, upon the filing of the bill or petition, account or other commencement of a proceeding, shall promptly prepare and publish a summons . . .
>
> . . . *Where the post office address of a defendant is given the street address, if any, shall also be stated unless the bill, petition, or affidavit above mentioned, aver that after diligent search and inquiry said street address, cannot be ascertained.* (Emphasis ours).

The sworn petition of complainant seeks process by publication under the provision of section 1852 *supra* in the following words:

> That your complainant is an adult resident citizen of Handsboro, Harrison County, Mississippi, and has been for more than one year next immediately preceding the filing of this bill of complaint and that

the said defendant is a resident of Harrison County, Mississippi, but presently is stationed in Frankfurt, Germany, employed by I.B.M. Corporation, and whose address at this time is Stephen A. McDuff, International Business Machines Corporation, % Bob Reynolds APO 757, New York New York.

Pursuant to the allegations of the petition, summons by publication was prepared and published in the statutory manner. A copy of the summons was mailed to the defendant at the post office address given and was received by him.

 █ It is at once noted, though the defendant is a resident of this state presently residing beyond its borders, that the words of the statute — "or not to be found therein on diligent inquiry," — which would be applicable and appropriate to the situation, were not alleged in the petition or set out in the affidavit. This is assigned as error. We are of the opinion this omission alone is not fatal to the process since the full equivalent of the statute was alleged, that is, the sworn allegation that the defendant is presently in Frankfurt, Germany, negates any possibility of his being found in this state on diligent inquiry, and though not in the exact words of the statute, is the full equivalent of the words used therein.

 ██ However, the concluding sentence of section 1852 *supra* requires that "the street address, if any, shall also be stated unless the bill, petition, or affidavit above mentioned, aver that after diligent search and inquiry said street address cannot be ascertained." The complainant did not allege the street address of the defendant. Neither did she aver that the same could not be ascertained after diligent search and inquiry. One or the other is necessary under the statute for a summons to issue by publication where the post office address of the defendant is given. This Court has repeatedly held that the statutory method of giving no-

tice to either a non-resident defendant, or a resident defendant temporarily out of the state, must be strictly complied with, or that the full equivalent thereof be adhered to. The statutory requirement as to the street address is necessary for effective process, and its omission is not a compliance with the statute. We are of the opinion and so hold, therefore, that process was not legally had in this instance. *Salmon v. Bishop,* 231 Miss. 292, 95 So. 2d 218 (1957); *Rice v. McMullen,* 207 Miss. 706, 43 So. 2d 195 (1949); *Hume v. Inglis,* 154 Miss. 481, 122 So. 535 (1929); and *Burns v. Burns,* 133 Miss. 485, 97 So. 814 (1923). See also Amis *Divorce and Separation in Mississippi* sections 244, 245, 246 and 247 at page 337, and Bunkley & Morse *Divorce and Separation in Mississippi* sections 15.01 (3) and (4).

Since we are of the opinion that process was not had upon the defendant in accordance with the law, we do not reach the second assignment of error. The cause is reversed and remanded for a new trial since the defendant is properly before the court under the terms and provisions of Mississippi Code Annotated section 1882 (1956).

Reversed and remanded.

*Kyle, P. J., and Ethridge, Gillespie and Rodgers, JJ.,* concur.