Appellee filed a bill of complaint in the Chancery Court of Jones County, Mississippi, for divorce against appellant, and also prayed for allowance of attorneys fees and exclusive possession and use of the real and personal property jointly owned by the parties in Jones County, Mississippi. Summons was issued for appellant on September 3, 1971, and alias summons was issued for appellant on November 5, 1971, both of which were returned showing that appellant was not found in Jones County. After the two unsuccessful attempts to personally summon appellant, appellee amended her bill and charged that appellant was a nonresident of the State of Mississippi not to be found within the State on diligent inquiry and that his post office and street address were unknown to appellee after diligent search and inquiry. Thereupon a nonresident summons was published as required by law, such summons being in the following words and figures, to-wit: *Page 395 
 NON-RESIDENT SUMMONS
 STATE OF MISSISSIPPI
 COUNTY OF JONES
 TO: WILLIAM DURWARD CARTER
 You are hereby summoned to appear before the Chancery Court, County of Jones, in said state, on the Third Monday of February, A.D., 1972, to defend the suit No. 24,543 in said Court of Christine Tadlock Carter, Complainant, wherein you are a defendant.
 This 8th day of December, A.D., 1971.
 LEONARD B. CAVES Chancery Clerk
 By: Frances Caves, D.C. (SEAL)
 HARLON H. VARNADO Attorney at Law Suite 1250, Petroleum Building
Upon default of appearance by appellant, appellee was granted a divorce and exclusive possession and use of the real and personal property jointly owned by the parties in Jones County, Mississippi.
Appellant assigned three errors on appeal as follows:
 (1) The lower court erred in taking jurisdiction and awarding appellee a divorce.
 (2) The lower court erred in awarding appellee the exclusive use of the real and personal property jointly owned by the parties herein upon publication of summons.
 (3) The decree of the lower court is contrary to the laws of the State of Mississippi, and the former decisions of the Supreme Court of Mississippi.
It is not necessary to consider the second assignment of error because of the conclusion hereinafter reached that appellant is now before the court. Assignment of error No. (3) is not discussed because it is an argument rather than an assignment of error.
Appellant argues in support of the first assignment of error that the published summons should have included, following the name of appellant, a statement that the address of the appellant was unknown after diligent search and inquiry to ascertain the same. In Guess v. Smith, 100 Miss. 457, 56 So. 166 (1911), Ann.Cas. 1914A 300, appellant contended that the decree for alimony was void because the summons which was personally served on the defendant was void in failing to inform the appellee that appellant's bill was one praying for alimony as well as divorce. The summons was in the regular form prescribed by statute except that it commanded the defendant to appear and answer a bill "For Divorce Now on File." The Court stated:
 The fact that the summons in this case undertook to, and did in part, inform the defendant of the nature and cause of the suit, but failed to inform him of its whole object and purpose, did not render it void. All that it is necessary for a summons to contain is what is above set out in the form of a summons by publication, the blanks therein to be properly filled out. (Emphasis supplied.)
The sentence emphasized above construing Section 1852 Mississippi Code 1942 Annotated (1956), was not necessary in determining the issues actually involved in Guess, but we hold that the construction of the statute was correct and we hereby adopt it as a correct statement of the law.
Adopting the construction of a statute in a previous case, although not necessary for a decision of the issues therein presented, was expressly approved in Winter v. Hardester,232 Miss. 200, 98 So.2d 629 (1957) wherein this Court stated:
 We think the criticism of the opinion is a valid criticism, in that a court does not usually pass upon questions of statutory construction unless it is necessary to do *Page 396 
so in determining the issues actually involved in the case before it. But we also think that the construction placed upon the statute in the opinion rendered in the Town of Flora case was correct, and we are not precluded from adopting that construction as a correct statement of the law merely because what was said in the opinion was not necessary to a proper decision of that case. (232 Miss. at 207, 98 So.2d at 632.)
Appellant next argues that process was defective because it was not returnable to the Chancery Court of the Second Judicial District of Jones County, Mississippi, where the bill was filed; that the process, as published, failed to apprise appellant which judicial district to appear in and defend the suit filed against him.
Chapter 169, Laws of Mississippi 1906 divided the County of Jones into two Circuit and Chancery Court Districts and Section 13 provided that all civil actions shall be commenced in each of the said districts as if each district were a separate county. It therefore naturally follows that there is a Chancery Court of the First District and a Chancery Court of the Second District of Jones County, Mississippi, but the designation "The Chancery Court of Jones County, Mississippi," does not refer to any chancery court whatever.
The process was defective because it was not returnable to the court where the bill of complaint was filed.
Appellant then argues that, if the process is defective, the bill should be dismissed in this Court, but appellee responds to this argument with the contention that under the provisions of Section 1882 Mississippi Code 1942 Annotated (1956)[1]
appellant is presumed to have entered his appearance to the cause from which the appeal was taken when the mandate from this Court is filed therein.
The original bill of complaint filed by appellee does not contain an allegation that appellee was a resident of the Second Judicial District of Jones County, Mississippi, at the time of filing the bill; the caption of the bill shows that it was filed in the Chancery Court of Jones County, Mississippi; the caption of the decree shows that it was signed in the Chancery Court of Jones County, Mississippi, and the only references to the Second Judicial District of Jones County, Mississippi contained in the record are the original and alias summons, bond of appellant and certificate of the clerk.
In Price v. Price, 202 Miss. 268, 32 So.2d 124 (1947), this Court held that Section 2738 Mississippi Code 1942 Annotated (1956), requiring that a divorce suit be instituted in the county of residence of complainant where the defendant is a nonresident is not a mere statute of venue that may be waived, but is a statute of jurisdiction of the subject matter of suit. The Court stated:
 The conditions prescribed by the State, by its divorce statutes, under which it will permit a marriage to be dissolved by divorce are (1) that the complainant shall allege and prove one of the twelve grounds therefor as set forth in Sec. 2735, Code 1942; (2) that one of the parties shall have been a bona fide resident of this State for one year next preceding the commencement of the suit, Sec. 2736, and (3) that the bill must be filed in the county in which the complainant resides if the defendant is a nonresident, Sec. 2738. Unless there is a compliance with the third condition there had as well be none with condition number two, and they are both essential to *Page 397 
the assertion of condition number one. See Hetherington v. Hetherington, 200 Ind. 56, 59, 160 N.E. 345, to this precise point. A sufficient review of the authorities to the effect that a divorce suit brought in the wrong county goes to the jurisdiction, and is not a mere matter of venue, is found in Haygood v. Haygood, 190 Ga. 445, 9 S.E.2d 834, 130 A.L.R. 87, and the annotations in the volume last cited. (202 Miss. at 272, 32 So.2d at 126.)
Price, supra, also held that a divorce bill against a nonresident was properly dismissed where the bill was not filed in the county of residence of complainant and that Section 1441 Mississippi Code 1942 Annotated (1956)[2] had no application to the transfer of a divorce case.
Price was followed in Cruse v. Cruse, 202 Miss. 497,32 So.2d 355 (1947), in which the holding in Price was reaffirmed.
Therefore, under the holding of Price and Cruse, supra,
that portion of Chapter 169, Laws of 1906, Section 13, providing for the transfer of causes from one district to the other in Jones County, Mississippi, rather than dismissal, has no application to divorce suits.
Doubtless when this case was heard the Court satisfied itself that appellee was a resident of the Second Judicial District of Jones County, Mississippi, at the time the bill of complaint was filed, and that appellant was either a nonresident of this state or not found herein, whose post office and street address was unknown to appellee after diligent search and inquiry. Upon such proof being made, the bill should have then been amended to conform to the proof.
When this case is heard pursuant to remand, the statutory requirements as to the proper county in which to file the bill should be shown in the pleadings and proved as a part of the case of complainant.
In McDuff v. McDuff, 252 Miss. 459, 173 So.2d 419 (1965), appellant assigned as error:
 (1) The chancery court did not have jurisdiction of the suit since proper process was not had upon the defendant, and (2) the court below did not have jurisdiction of the suit for divorce in that neither the complainant nor defendant was an actual bona fide resident citizen of the state of Mississippi for one year next preceding the commencement of the suit. (252 Miss. at 461, 173 So.2d at 419.)
This Court reversed and remanded the case because proper process was not had on the defendant and stated:
 Since we are of the opinion that process was not had upon the defendant in accordance with the law, we do not reach the second assignment of error. The cause is reversed and remanded for a new trial since the defendant is properly before the court under the terms and provisions of Mississippi Code Annotated section 1882 (1956). (252 Miss. at 464, 173 So.2d at 421.)
We therefore reverse and remand for a new trial, but since the defendant is properly before the court from which the appeal was taken under the provisions of Section 1882 Mississippi Code 1942 Annotated (1956), no further process is required on the appellant in this cause in the Second Judicial District of Jones County, Mississippi.
Reversed and remanded.
GILLESPIE, C.J., and INZER, ROBERTSON and BROOM, JJ., concur.
[1] Where a judgment or decree is reversed on appeal taken by defendant for the want of service, or because of defective service of process, a new summons or citation need not be issued or served, but the defendant shall, without such process or service, be presumed to have entered his appearance to the cause in the court from which the appeal was taken when the mandate shall be filed therein.
[2] Where an action is brought in any circuit, chancery, county, or justice of the peace court of this state, of which the court in which it is brought has jurisdiction of the subject matter, but lacks venue jurisdiction, such action shall not be dismissed because of such lack of proper venue, but on objection on the part of the defendant shall, by the court, be transferred to the venue to which it belongs. *Page 398