GILLESPIE, Presiding Justice:
The decisive question in this case is whether the chancellor was manifestly wrong in holding that Nancy Ard was not the widow and heir of John Ransom Bryant, who died intestate in California on May 25, 1932. Whether she was Bryant’s widow depended upon whether she and John Ransom Bryant contracted a common law marriage between the years 1915 and 1924. Nancy Ard and another claiming through her brought this suit to establish title to an undivided interest in certain lands in Pike County owned by John Ransom Bryant at the time of his death. The chancellor found for defendants, and in so doing, stated that it was utterly impossible to reconcile the complainants’ testimony with that of the defendants. Unable to find that the chancellor was manifestly wrong and finding ample evidential support for his findings, this Court affirms.
According to the testimony of a large number of witnesses who testified for complainants, Nancy Ard and John Ran *497 som Bryant began living together as man and wife about the year 1915, first in a house on the Felder place in the Lundy Lane community of Pike County, and later in the home of Bryant’s mother in the same community. They moved to Kentwood, Louisiana, where they lived for several years, and then moved back to Pike County, Mississippi, and lived with Bryant’s mother until about 1923 or 1924, when Bryant left the state to avoid prosecution for some crime and never returned. According to these and other witnesses introduced by Nancy Ard and the other complainant, Nancy Ard and Bryant lived together, Bryant referred to Nancy Ard as his wife, they were seen together on the streets, at church and other places, and by all appearances they were man and wife. They had no children, but Nancy is said to have become pregnant and given birth to a stillborn child during this time. The chancellor correctly stated that this testimony on the part of complainants would be clearly sufficient to establish a common law marriage if it stood uncontradicted.
On behalf of the defendants numerous witnesses were introduced who directly contradicted the complainants’ witnesses. The substance of the testimony of defendants’ witnesses, is that Nancy Ard and John Ransom Bryant never lived together in the Lundy Lane Community; that Bryant never had a wife, and Nancy Ard never had a husband. These witnesses also testified that Nancy Ard never left Mississippi to live in Kentwood, Louisiana. The proof showed without dispute that Nancy Ard gave birth to an illegitimate son about 1915 and that the father of this child was Charlie Lewis. Charlie Lewis testified that he continued to have illicit relations with Nancy Ard until long after John Ransom Bryant left the state in 1924. There was also proof that Nancy Ard lived for a period of time with Jim Lewis. Defendants introduced certain documentary evidence tending to show that Nancy Ard had never used any surname except Ard. John Ransom Bryant registered for the draft on September 12,1918, and gave as his nearest relative his mother. Defendants introduced a certified copy of a marriage record showing a marriage between Bryant and Adah Conerly in Washington Parish, Louisiana on February 8, 1921.
The chancellor stated that in his opinion the most that could be said of the verbal testimony was that the scales were evenly balanced and that the documentary evidence resolved the case in favor of the defendants.
We are of the opinion that the finding of the chancellor was amply supported by the evidence and that he was not manifestly wrong.
Complainants contend that their evidence established that Nancy Ard and Bryant lived together as man and wife and that there was no impediment to their marriage. Under these circumstances they contend that the law raises a presumption of a ceremonial marriage, citing Walker v. Matthews, 191 Miss. 489, 3 So.2d 820 (1941). The fallacy of this argument lies in the fact that the chancellor decided the case on the facts and found that complainants did not meet the burden of proof. This necessarily includes the finding that the parties did not in fact live together as the complainants’ witnesses testified. Moreover, if the chancellor had found that they lived together as claimed, there would be no need to consider whether the proof raised a presumption of a ceremonial marriage, since, in that event, the common law marriage would have been established.
The chancellor stated in his opinion that in order to establish a common law marriage it was necessary that complainant prove that the marriage had its inception in Mississippi and not in Louisiana. Complainants say that this was error. They contend that the court should have considered together the unbroken chain of cohabitation, first in Mississippi, then in Louisiana, and finally again in Mississippi, *498 citing Sims v. Sims, 122 Miss. 745, 85 So. 73 (1920). We are of the opinion that the statement of the chancellor was not decisive of anything. If the court had found that Nancy Ard and Bryant had lived together as man and wife, he would have found that such marriage had its inception in Mississippi. Since he found that they did not in fact live together, as claimed by complainants' witnesses, the statement in question has no significance.
 Complainants offered in rebuttal the testimony of Dock Ard, a brother of Nancy Ard, whose testimony was not admitted. Counsel for complainants stated that Dock Ard’s testimony would show that Nancy Ard left home and lived with Bryant. It was also stated that the testimony of this witness would impeach Rachael Ard, who had testified for defendants. We are of the opinion that the chancellor properly excluded the testimony of Dock Ard. The part of his tendered testimony that Nancy Ard and Bryant lived together was not proper rebuttal evidence, and his testimony impeaching defendants’ witness, Rachael Ard, was inadmissible because no predicate was laid.
We have carefully considered the other assignments of error and find no reversible error.
The record shows that the parties to this law suit made searching investigations before the trial. The case was well tried, and both parties seem to have offered every particle of proof available. The chancellor patiently heard eleven volumes of testimony and documentary proof and rendered a clear and incisive opinion. We are of the opinion that his decree should be affirmed. . •
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.