LEE, Justice, for the Court:
Barbara Neal Polk Smiley petitioned for letters of administration in the Chancery Court of the Second Judicial District of Jasper County, alleging that she and her four (4) children are the sole surviving heirs at law of Oscar Reuben Smiley, who departed this life April 1, 1977. Subsequently, Ena Smiley Paschall, her six (6) brothers and sisters and Leverett Jones Smiley, her mother, filed a petition to establish themselves as heirs at law of Oscar Reuben Smiley. After a hearing in the cause, the chancellor found Barbara Neal Polk Smiley and her children to be the lawful heirs at law of the said deceased and entered judgment accordingly, from which judgment the other parties appeal.
The sole question presented here is whether or not a valid common-law marriage was consummated between Leverett Jones and Oscar Reuben Smiley prior to the time that Oscar Reuben Smiley and Barbara Neal Polk entered into a ceremonial marriage, and whether or not the chancellor erred in finding that Barbara Neal Polk Smiley and her children are the sole surviving heirs at law of Oscar Reuben Smiley.
Evidence relating to the alleged common-law marriage between Leverett Jones and Oscar Reuben Smiley is in conflict. Without detailing same, the record indicates that Leverett Jones first became acquainted with Oscar Reuben Smiley when she was nine (9) years old, and when she became thirteen (13) years of age, he was her “play-daddy” and “professor.” During, and subsequent to, those times, Smiley was principal of the Spring Hill School in Montrose, Jasper County. Leverett Jones testified that in 1921, she began living with Smiley. At that time, she was a young girl in her teens and he was a mature, adult man. In 1922, Leverett Jones bore twins, Ena and Ina, whose father was Smiley. While Lev-erett Jones was pregnant, or shortly after the children were born, Smiley was “kicked *317 out” of the Spring Hill church, and Lever-ett Jones’ brother caused him to be arrested, apparently hoping that such action would result in the marriage of Smiley and Leverett Jones. At any rate, Smiley was released from jail and the children were taken into the home of Frank and Caroline Smiley, parents of Oscar Reuben Smiley, and were supported in that home by all the Smileys, although there was no marriage ceremony. Leverett Jones bore the following additional children, viz: Reuben James, 1926; Eloise, 1930; Yvonne, 1933; Oscar Cortez, 1936; and Elsie Louise, 1940. She testified that Smiley was the father of all those children.
About 1938, Barbara Neal Polk, a young graduate from Rust College in Holly Springs, applied for a teaching position at Spring Hill School, and she was employed on the faculty there. She and Smiley began to go with each other and, on August 21, 1940, they were ceremonially married in Jasper County, Mississippi, pursuant to a marriage license issued by the Circuit Clerk of Coahoma County (County of Polk’s residence). On December 24, 1940, Willie Clarence Smiley was born to the marriage in the Newton Infirmary, Newton, Mississippi, and, in succession, were born Barbara De-verne Smiley, March 8, 1942, Coahoma County; Tommy Jeff Smiley, March 23, 1946, Coahoma County; and Cassandra Smiley, August 8, 1959, John Gaston Hospital, Memphis, Tennessee. The birth certificates, which appear in the record, indicate Oscar Reuben Smiley to be the father of the children and that he and Polk were married. The record further reflects that the information on the certificates of Willie Clarence Smiley and Barbara Deverne Smiley (children born in Newton and Coahoma Counties) was given to the registrar by Oscar Reuben Smiley.
Leverett Jones testified that, after Smiley was ceremonially married to Barbara Neal Polk and a child was born to her of the 1940 marriage, she (Jones) never bore any more children by Smiley, nor did she resume intimate relations with him. Barbara Neal Polk resided for approximately two (2) years in the Montrose area, became pregnant with her second child, and went to her parents’ home in Clarksdale where the child was born. According to her, she returned on occasions to the Montrose community, and Smiley often came to see her in Clarks-dale when she was living there. Smiley contributed to the support of his children by Leverett Jones, and, to his credit, six (6) of those seven (7) children acquired college degrees. Ena and Ina obtained Ph.D. degrees, and were living in California at the time of the trial. Smiley died there in 1977 at the age of ninety-two (92). None of said children received Social Security benefits on account of their relationship to him, while the four (4) children of Barbara Neal Polk Smiley did qualify for and receive such benefits. He also supported those children.
Witnesses for the appellants testified that there was an oral agreement between Leverett Jones and Smiley in 1921 to become husband and wife, and that, pursuant to such agreement, they lived together and consummated a common-law marriage. The evidence is in direct conflict on that point. Certified copies of the marriage license issued to Barbara Polk and Smiley and certificates of birth issued for their four (4) children were introduced into evidence. There is no serious conflict as to the validity of the ceremonial marriage, if the common-law marriage is not sustained.
In Whitman v. Whitman, 206 Miss. 838, 41 So.2d 22 (1949), the Court said, in quoting from 55 C.J.S. Marriage § 45, at page 911:
“ ‘A claim of common-law marriage is regarded with suspicion and will be closely scrutinized. Thus, in order to establish a common-law marriage, all the essential elements of such a relationship . must be shown by clear, consistent, and convincing evidence, especially must all the essential elements of such relationship be shown when one of the parties is dead.’ ” 206 Miss. at 845, 41 So.2d at 25.
And, quoting from 55 C.J.S. Marriage § 43, at page 896:
“ ‘The presumption of the validity of the last marriage has been held to be the *318 strongest presumption known to the law; and in the absence of additional facts or circumstances it must prevail over all conflicting presumptions, such as presumptions as ... to the validity of a prior marriage.’ ” 206 Miss. at 845, 41 So.2d at 25.
Also, citing Powell v. Powell, 27 Miss. 783 (1854), the Court said:
“ ‘The law favors marriage, and, when once solemnized according to the forms of law, will not declare its nullity upon anything less than clear and certain testimony, especially after it has been dissolved by the death of one of the parties.’ ” 206 Miss. at 843, 41 So.2d at 25.
Oscar Reuben Smiley supported and reared children of two women, one of whom claimed marriage to him by common law, the other by a subsequent ceremonial marriage. In U.S.F.&G. Co. v. Smith, 211 Miss. 573, 52 So.2d 351 (1951), the Court cited 35 Am.Jur. Marriage § 199, at page 311:
“ ‘The presumption of marriage from cohabitation and reputation is rebutted or overcome by proof of a subsequent ceremonial or actual marriage, since the presumption of the validity of such marriage is stronger than the presumption of the previous marriage from cohabitation and reputation, especially where the ceremonial or actual marriage occurs after a long separation following the cohabitation and reputation relied upon to establish the competing marriage.’ ” 211 Miss. at 580, 52 So.2d at 353-354.
Smiley was an educated and intelligent man. He owned valuable property in Jasper County, Mississippi, yet he died in the State of California residing in the home of his older daughter(s) by Leverett Jones, without executing a will for any of his children’s benefit. The chancellor found on conflicting evidence that there was no common-law marriage between Smiley and Leverett Jones, that the ceremonial marriage between Smiley and Barbara Neal Polk in 1940 was a valid marriage, and that the children of that marriage were entitled to inherit from Smiley, along with his wife, Barbara Neal Polk Smiley. We cannot say that the chancellor was manifestly wrong in his finding of fact, and, therefore, we must accept same and apply the law thereto. Potts v. Bryant, 194 So.2d 495 (Miss.1967). The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.