562 So.2d 109 (1990)
Katherine DEES
v.
The ESTATE OF Malcolm MOORE, Melvin Pryor, Executor.
No. 07-CA-58895.
Supreme Court of Mississippi.
May 16, 1990.
*110 Jerry L. Bustin, Forest, for appellant.
J. Norman Brown, Clark & Brown, Forest, for appellee.
Before DAN M. LEE, P.J., and ANDERSON and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
Katherine Dees filed suit against Melvin Pryor, executor of Malcolm Moore's estate, alleging that she was the only natural child and heir at law of Moore. Pryor moved to dismiss the complaint, claiming that Dees had never been adjudicated a child or heir at law of Moore and as such had no standing to contest the will. The chancery court dismissed the complaint. Dees appealed said dismissal.
Most of the facts in this case are undisputed. Malcolm Moore, a resident of Scott County, Mississippi, died on June 27, 1986. Moore left a will, witnessed and executed on May 5, 1982, which named Melvin Pryor executor. Pryor is identified through the record and the briefs as Moore's stepson, but apparently he was never adopted by Moore. Pryor was the chief beneficiary under the will, with Katherine Dees to receive a smaller share of Moore's real and personal property. Pryor filed a Petition for Probate of Will and for Letters Testamentary on January 13, 1987. The will was admitted to probate on January 16, with Melvin Pryor obtaining the letters testamentary.
On February 19, 1987, Katherine Dees filed in Scott County Chancery Court her Complaint to Contest Will and Set Aside, Vacate and Hold for Naught as an Invalid Instrument and Related Matters, alleging that she was the only natural child and heir at law of Malcolm Moore, and that the will of Moore should be set aside because of Moore's lack of testamentary capacity and because of the undue influence of Pryor. Melvin Pryor answered and denied the allegations. On September 1, 1987, Melvin Pryor moved to dismiss Dees's complaint, asserting that if she was Malcolm Moore's daughter she was illegitimate, and she had taken no action within the allowed time under Miss. Code Ann. § 91-1-15(3)(c) (Supp. 1989) to have herself declared Moore's daughter. Pryor also alleged that Dees would take more under the will than she would without it, and as a result she could not contest the will. After requesting and considering the briefs of the parties, the chancery court dismissed the complaint, finding both of Melvin Pryor's arguments persuasive.
Melvin Pryor's motion to dismiss will be treated as a motion for summary judgment, as the chancellor considered matters outside the pleadings. Miss.R.Civ.P. 12(b). If so treated, this Court conducts de novo review of a lower court's grant of summary judgment. Short v. Columbus Rubber and Gasket Co., 535 So.2d 61, 63 (Miss. 1988). The applicable standard is as follows:
The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.

*111 Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.
Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984).
The burden of demonstrating that no genuine issue of fact exists is on the moving party. The non-movant should be given the benefit of every reasonable doubt. Short, 535 So.2d at 63-64. The movant, however, has no burden of proof beyond what he would shoulder at trial. Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss. 1988).
Katherine Dees did not challenge the constitutionality of § 91-1-15 in the lower court. In her brief before this Court, she argues for the first time that § 91-1-15 denies her equal protection under the law as guaranteed by the United States Constitution. We do not have this issue properly before us in that it was not raised below. The finding here advanced does not require a determination of the constitutionality of § 91-1-15.
Katherine Dees argues that her Complaint to Contest the Will was adequate under the Mississippi Rules of Civil Procedure to raise the issue of heirship so that it could be adjudicated along with the will contest. If Dees's complaint is adequate, then it was timely filed on February 19, 1987, as this was within ninety days of notice to creditors, given on January 21, January 28, and February 4, 1987, and within one year of the death of the putative father as required by § 91-1-15. Moore's Estate argues that Dees failed to comply with several statutory requirements, and because of such failure her complaint is inadequate to contest the will or to raise the question of heirship and that a separate or independent action needed to be timely filed and that such an action was not filed.
At the time Katherine Dees filed her complaint, she could not have inherited from Malcolm Moore because she had done nothing to establish heirship and therefore did not have "standing" to combat the will. The Estate of Moore argues that she is not an "interested person" as required by § 91-7-23. The question before this Court is whether Dees may combine her heirship proceeding with her complaint to contest the will. Katherine Dees alleged herself to be the sole heir at law of Malcolm Moore. She has never asked that she be recognized or decreed Moore's heir at law in an action under §§ 91-1-27, 91-1-15, and 91-1-29. The only other person named in her complaint is Melvin Pryor. There is no summons or publication of notice for absent or unknown defendants in the record as is required by §§ 91-1-27 and 91-1-29.
In re Estate of Smiley, 530 So.2d 18 (Miss. 1988), presents a somewhat analogous situation. In Smiley the plaintiffs, allegedly the intestate's illegitimate children, filed a petition to reopen the intestate's estate. The petition also included a count seeking to establish heirship and a count seeking to redivide estate assets. The chancellor granted the defendants' motions to dismiss and for summary judgment. Smiley, 530 So.2d at 20. This Court reversed and remanded, finding that the plaintiffs had sufficiently complied with the requirements of §§ 91-1-27 and -29 in their petition to reopen. Smiley, 530 So. at 24-25.
In Perkins v. Thompson, 551 So.2d 204 (1989), Perkins petitioned to be appointed administratrix of Taylor's estate claiming to be an out-of-wedlock child and the only heir. In reversing the chancellor's ruling, this Court held:
Perkins complied with the filing requirement by petitioning to be appointed administratrix and seeking to be declared the sole and only heir-at-law.
This Court holds that Joyce Perkins did comply with the limitation of action period specified under § 91-1-15(3)(c) (Supp. 1988) as well as the requirements of M.R.C.P. 8(a)(1) and 8(e)(1) and 8(f), and that the chancellor was in error in applying a bar of her claim on procedural grounds. The chancellor's ruling concerning the non-compliance with this statute is overruled. The case is remanded for a finding of fact of the biological *112 parentage of Joyce Perkins on the record previously made in this case.
If a party may combine a suit to determine heirship with a suit to reopen an estate or with a petition for appointment as administratrix of an estate claiming to be a natural daughter, then it follows that a party should be able to combine a suit to determine heirship with a suit to contest a will. See Miss.R.Civ.P. 8(e)(2) and 18. The only remaining question is, did Katherine Dees's allegation that she was the sole heir at law of Malcolm Moore amount to an affirmative request to establish heirship? Considering that this complaint was dismissed via summary judgment, and Dees as non-movant is entitled to every reasonable doubt, and considering the holdings in Smiley and Perkins, we find that her pleading was sufficient as a request for determination of heirship.
The Estate of Moore also argues that Katherine Dees cannot contest the will, as she would take more under the will than she would without it. This is true according to her present status. However, her status may change pending the hearing on heirship. If it is found that she is the sole heir at law, then she would take more without the will than under it. This is a variation on the rule that only an interested party may contest a will.

CONCLUSION
The judgment of the chancery court is reversed and the cause remanded for further consideration by the chancery court.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
ROY NOBLE LEE, C.J., not participating.