DAN M. LEE, Presiding Justice,
for the Court:
The Chancery Court of Newton County dismissed the claim of heirship by an alleged out-of-wedlock son as being time barred by the statute of limitations of MISS.CODE ANN. § 91-l-15(3)(c) (Supp. 1988). Algia Lee Wash, appellant, appeals that adverse ruling. Finding merit in the contentions of appellant, we reverse and remand.
STATEMENT OF THE FACTS
In 1987, Prentiss Gardner was 85 years old and in declining health. As a result, on March 5, 1987, appellees, his sister-in-law, Rebecca M. McIntosh[1] and Charles E. Hopkins [2] filed a Petition For Appointment of Conservator alleging
[t]hat respondent, Prentiss Gardner, because of his advanced age, physical incapacity, and mental weakness is incapable of looking after and managing his personal and business affairs, and is in need of a conservator to be appointed by the court to look after his property and es tate.
On March 25, 1987, Algia Lee Wash, appellant,[3] filed an Answer To Petition For Appointment of Conservator which in pertinent part agreed that Mr. Gardner was in need of a Conservator but that Ms. McIntosh had transferred assets of Mr. Gardner to her name, that she had placed her name on bank accounts of Mr. Gardner and had unduly influenced Mr. Gardner in causing him to convey the title to his truck to Ms. McIntosh. Mr. Wash denied that Ms. McIntosh should be appointed as Conservator of Mr. Gardner’s estate and suggested that he or a disinterested third party should fill that position.
Prior to any hearing on the matter of the conservatorship, Prentiss Gardner died on April 10, 1987 rendering the matter of appointment of a Conservator moot. Mr. Gardner died intestate with a fixed place of residence located in Newton County, Ms.
Three (3) days later, on April 13, 1987, Mr. Wash filed a sworn Petition For Letters of Administration alleging that he was the “son of the Deceased” and the “sole surviving heir-at-law” of Prentiss Gardner, deceased and, that he should be named Administrator of Mr. Gardner’s estate.
On April 14, 1987, the Chancery Clerk, Janice Nelson, entered her Order Granting Letters of Administration finding, in pertinent part that
Petitioner [referring to Mr. Wash] ... is the son of the Deceased and that ... deceased died leaving as his sole surviving heir-at-law, your petitioner, Algia Wash.... [who] is a proper person to be appointed Administrator of said Estate.
On April 15, 1987, Letters of Administration of The Estate of Prentiss Gardner issued to appellant, Algia Wash.
On April 29, May 6, and May 13, 1987, Notice To Creditors Of The Estate Of Prentiss Gardner was published in the Newton Record.
On September 4, 1987, appellant filed a Complaint for Summary Proceeding for Discovery of Assets and for Temporary Restraining Order alleging in pertinent *1210 part that Ms. McIntosh was wrongfully hiding assets of the estate.
On October 2, 1987, the trial court entered its Judgment restraining appellee Rebecca McIntosh from using, selling or disposing of the assets and property of the Estate of Prentiss Gardner consisting of a truck, funds in the approximate amount of $26,000.00 (less a few thousand dollars spent by Hopkins for his own personal use), a lot slightly less than an acre in size with a home on it (deceased’s homestead), and other varied personal items.
On November 5, 1987, appellant filed a Motion For Production of Documents and Interrogatories to appellee McIntosh.
On November 10, 1987, appellee Rebecca McIntosh, filed a Motion for Protective Order as to said discovery filed by appellant. Ms. McIntosh asserted
[t]hat said petition [referring to the original petition filed in this cause for the appointment of an administrator] was filed without notice to Rebecca McIntosh, and a Judgment was entered based on said petition appointing Algia Wash as administrator. That said petition contained false and fraudulent information in stating that the said Algia Wash is the sole surviving heir at law of the said Prentiss Gardner, when in truth and in fact the said Algia Wash was not related in any manner to the said Prentiss Gardner, deceased.
On December 16, 1987, appellee Rebecca McIntosh filed a Motion To Remove Algia Lee Wash As Administrator Of Estate And To Appoint Disinterested Administrator.
In a separate action on March 16, 1988, appellant Algia Wash and five (5) alleged half brothers of Prentiss Gardner, deceased, filed a Complaint To Remove Cloud On Title against appellees Rebecca McIntosh and Charles E. Hopkins alleging that the two had unduly influenced Pren-tiss Gardner to convey title in his homestead to Ms. McIntosh. Attached to the Complaint To Remove Cloud On Title were sworn affidavits of the alleged five (5) Viverette brothers asserting that appellant was the son of Prentiss Gardner and that Mr. Gardner had acknowledged appellant as his son.
On April 13, 1988, appellees filed a Motion of Defendants to Strike Affidavits With Assignment together with their Answer And Cross-Complaint of Defendants.
On June 6, 1988, appellant filed an Answer of Cross-Defendants and on the same date, the parties filed a Joint Motion For Consolidation of Actions and “all claims relevant thereto ”. (emphasis added) Also, on the same date, the trial court entered an Order, consolidating the Complaint for Summary Proceeding for Discovery of Assets, for Temporary Restraining Order, the Complaint to Remove Cloud on Title and for Other Relief “together with any and all matters relevant thereto ”. (emphasis added)
On June 6-7, 1988, this cause came on trial and the trial Court entered an Order Dismissing Complaint To Remove Cloud As To Individual Plaintiffs And Substituting Administrators thereby removing appellant Algia Lee Wash as the Administrator of the Estate of Prentiss Gardner, deceased, substituting Ms. Janice Nelson, the Newton County Chancery Clerk, as Administrator, and finding that the claims of Algia Lee Wash, the alleged sole surviving heir of the Estate of Prentiss Gardner, deceased, were barred by MISS CODE ANN. § 91-l-15(3)(c) (1972) (Supp.1981 and 1983). Finally, the chancellor ruled that with the exception of the newly appointed Administrator of the Estate of Prentiss Gardner, Ms. Janice Nelson, all other plaintiffs were dismissed with prejudice.[4]
Feeling aggrieved, Algia Lee Wash appeals assigning two (2) points of error.
*1211 POINT I.
The trial Court erred in rendition of its final judgment wherein the Appellant’s claim was adjudged barred by the (90) day statute of limitations which requires an illegitimate to file a petition for heir-ship. Appellant’s timely filing of the sworn Petition for Letters of Administration in which he alleged that he was the (illegitimate) son and sole surviving heir of Prentiss Gardner, deceased, sufficiently complied with provisions of Miss.Code Annotated, (Supp.1987), Sections 91-1-15, 91-1-27 and 91-1-29.
POINT II.
Rule 18 of the Mississippi Rules of Civil Procedure permits joinder of heir-ship issue to be adjudicated through the administration of the estate.

ANALYSIS

In sum, appellant Algia Lee Wash’s argues that he substantially followed MISS. CODE ANN. § 91-1-15, § 91-1-17 and § 91-1-29 by putting his claim of heirship in issue as a result of his filing of Petition For Letters of Administration, three (3) days after Prentiss Gardner died.
The facts in this case are strikingly similar to those in the case of Perkins v. Thompson, 551 So.2d 204 (Miss.1989).
In Perkins, Robert Taylor died intestate on August 1, 1985. His wife, Arutha, had predeceased him by approximately 24 years. No children resulted from this marriage. Joyce Perkins claimed to be the out-of-wedlock daughter of Robert Taylor. Perkins’ birth certificate, however, indicated her father to be Ben Perkins, who was married to Louise Perkins and not to Robert Taylor.
Joyce Perkins contended that she was throughout her life recognized by Robert Taylor as his daughter citing to several instances where Robert Taylor exhibited this understanding.
Within five (5) days after Robert Taylor’s death, Joyce Perkins filed a petition seeking to be named the administratrix of Taylor’s estate, and also claiming that she was his illegitimate daughter and sole heir.[5] The decree appointing her as administratrix of the estate was filed the same date. As part of the requirement for her to be named administratrix of the estate, Perkins posted a bond. Publication of notice to creditors was timely run in the local newspaper.
On August 9, 1985, certain aunts and an uncle of Taylor retained an attorney to represent them in the Taylor estate.
The case progressed to a point where the chancellor heard four (4) days of testimony from approximately nineteen (19) witnesses concerning the relationship between Robert Taylor and Joyce Perkins, i.e., whether Joyce Perkins was the illegitimate daughter of Robert Taylor. At the hearing’s conclusion, the chancellor did not answer this question, instead, ruled in favor of the aunts and the uncle and found that Joyce Perkins had not complied with the statutory scheme for the determination of descent among illegitimates, holding that Ms. Perkins’ claim was time barred for failure to comply with the provisions of MISS. CODE ANN. § 91-l-15(3)(c) (Supp.1988). 551 So.2d at 205-07.
Of course, Joyce Perkins appealed this adverse ruling assigning as error the same issue we address today.
It would be wasteful duplication of effort to repeat the thorough analysis which my colleague, Justice Prather stated for a unanimous Court in holding that Joyce Perkins did comply with the time limitation under § 91-l-15(3)(c) (Supp.1988) and that the chancellor was in error by applying a bar of her claim on procedural grounds,
*1212 Miss.Code Ann. § 91-l-15(3)(c) requires that “an action seeking adjudication of paternity is filed ” within ... ninety (90) days after the first publication of notice to creditors. There is no requirement that notice be given within the ninety (90) days period. Perkins complied with the filing requirement by petitioning to be appointed administratrix and seeking to be declared the sole and only heir-at-law. The intervenors had actual knowledge of Perkins’ claim of heirship as evidenced by their hiring of an attorney. Before the estate was closed, the intervenors were properly allowed by the court to file their claim. The summons by publication requirement of § 91-1-29 was made, and all parties were given their day in court. This Court holds that this procedure sufficiently complied with the notice requirements of §§ 91-1-27, 91-1-29, and the filing requirements of § 91-l-15(3)(c). Estate of Smiley, 530 So.2d 18 (Miss.1988). As in Smiley, supra, there is no procedural default.
Id. at 208.
Like in Perkins, we hold that Algia Lee Wash sufficiently complied with the notice requirements of § 91-1-27, 91-1-29 and the filing requirements of § 91-l-15(3)(c) (Cum.Supp.1989).
The similarities of Perkins, supra and the case at hand are strikingly similar. Prentiss Gardner, preceded in death by his wife, Lilly, died intestate. No children resulted from their marriage. Although his birth certificate stated otherwise, Algia Lee Wash claimed to be the out-of-wedlock son of Prentiss Gardner.
Approximately two (2) weeks prior to Prentiss Gardner’s death, appellant let the world know that he was claiming to be the son of Prentiss Gardner by alleging such fact in his Answer To Petition For Appointment Of Conservator. Thereafter Wash opened the estate of Prentiss Gardner, as the “sole surviving heir” three (3) days after Gardner’s death. Additionally, during the hearing the pleadings were amended to show Algia Lee Wash as claiming to be the illegitimate son of Gardner. This was necessary according to the chancellor to conform to the proof before the court. There can be no serious contention on this record but that the first issue was whether Wash was the illegitimate son of Prentiss Gardner and therefore had standing to question the actions of McIntosh and Hopkins relative to their alleged undue influence upon Prentiss Gardner to sign conveyances to McIntosh and Hopkins prior to his death on April 10, 1987.
In a special concurring opinion in Perkins, supra, joined by four Justices, we said that
[I]n this case there was manifestly no need for Perkins to file an adversarial claim of heirship with an administrator, because she was the administratrix herself, purporting and claiming to be Taylor’s sole and only heir-at-law and sole and only party in interest in his estate.
She likewise complied with §§ 91-1-27 and 91-7-29 in securing for herself the appointment as administratrix under MCA § 91-7-63 and 91-7-67, because she was the sole and only heir, under the allegations of her petition.
Simply put, Perkins did everything necessary under the statutes to assert that she was the natural daughter of Taylor and his sole and only heir-at-law. The chancellor erred in holding that she failed to comply with these statutes in asserting her claim.
551 So.2d 204 at 211. To argue that Algia Lee Wash should be barred from proving his claim because he did not precisely state he was the “illegitimate” or “born out-of-wedlock” son as opposed to simply declaring himself to be “the son” is a matter of semantics which we hold makes no difference. The indication that appellant is the sole surviving heir is sufficiently clear.
Wash, like Perkins, filed within a few days after decedent’s death, a sworn Petition For Letters Of Administration seeking to be appointed Administrator of the estate. The decree appointing him as administrator was entered the same date it was requested. Appellant posted a bond and timely publication of notice to creditors in the local newspaper ensued.
*1213 On the first day of the hearing in the presence of the chancellor, the parties filed a Joint Motion For Consolidation Of Actions and “all claims relevant thereto”. The chancellor reacted by consolidating the Complaint For Summary Proceeding For Discovery Of Assets and for Temporary Restraining Order and the Complaint To Remove Cloud On Title and for Other Relief “together with any and all matters relevant thereto.”
Like in Perkins, a decision was never reached as to whether appellant was the illegitimate son of Prentiss Gardner. Instead, the chancellor granted summary judgment and found that Algia Lee Wash had not complied with the statutory scheme for the determination of descent among illegitimates and was time barred.
Accordingly, we reverse the decree of the chancery court of Newton County, Mississippi, dated June 7, 1988, and remand this cause to the Chancery Court of Newton County, Mississippi, for trial on the merits.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.

. Ms. McIntosh, for purposes of this action, is a resident of Newton County, Ms. and lived across the street from Mr. Gardner in Decatur, Ms. She was the sister of Mr. Gardner’s deceased wife, Lilly who preceded Mr. Gardner from this life in 1983.

. Mr. Hopkins was the son of Lilly Gardner from a marriage that preceded her marriage to Prentiss Gardner. Although Mr. Gardner never adopted Charles, it appears he assisted in his rearing from the time he married Lilly when Charles was six (6) years old until Charles went into the service when he was approximately twenty (20) years old. At all times relevant to this action, Mr. Hopkins was a resident of California.

.Mr. Wash contends he was an illegitimate son, although in his Answer to Petition For Appointment of Conservator and his Petition For Letters Of Administration, he came before the court representing to be simply Mr. Gardner’s son, disclosing nothing about being illegitimate.

. The result of this ruling means that any subsequent battle for the remains of Mr. Gardner's estate would have been between his sister-in-law, Ms. McIntosh, his unadopted step-son, Charles Hopkins, and the Administrator of the Estate, Ms. Janice Nelson. Of course, should the chancery court find that decedent was unduly influenced into conveying his personal and real property to McIntosh and Hopkins prior to his death, thus resulting in a ruling in favor of the Administrator, then the remains would es-cheat to the State of Mississippi.

. In the case at hand, appellee asserts, in effect that appellant Wash intentionally tried to mislead the chancery court by not initially putting the issue of his illegitimacy into question, instead alleging in his Answer To Petition For Appointment Of Conservator filed prior to decedent’s death and again in his Petition For Letters Of Administration filed within three (3) days after decedent's death that appellant was simply "the son” and the "sole surviving heir-at-law” of Prentiss Gardner.